**UNITED STATES DISTRICT COURT**
**FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SANDRA DEBALDO,<br><br>    Plaintiff<br>  v.<br><br>MEDICREDIT, INC.,<br><br>    Defendant | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

SANDRA DEBALDO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15215.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 3 Cityplace Drive, Suite 690, St. Louis, Missouri 63141.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant has been calling Plaintiff in their attempts to collect medical debt owed to the University of Pittsburgh Medical Center that was

PLAINTIFF'S COMPLAINT

incurred for personal, household or family purposes.

11. Between July 2015 and July 2016, Defendant repeatedly contacted Plaintiff on her cellular telephone in its attempts to collect this alleged medical debt.

12. Plaintiff told Defendant that she was unable to pay this debt, was disabled and unemployed, and requested that Defendant stop calling her in 2015.

13. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful to making further calls, nor was there any good faith reason to place calls.

14. Plaintiff has repeatedly told Defendant that she is not employed, can't afford to make any payments and to stop calling her through July 2016.

15. It was aggravating, annoying and harassing for Plaintiff to receive continuous collection calls on her cellular telephone.

16. Defendant also threatened to pursue legal action against Plaintiff during a call made in July 2016.

17. Upon information and belief, Defendant did not intend to take legal action against Plaintiff.

18. After Plaintiff's repeated requests to stop calling were ignored by Defendant, she had no other option but to block Defendant's calls using a blocking application.

PLAINTIFF'S COMPLAINT

19. Finally, Defendant failed to send anything in writing to Plaintiff setting forth her rights pursuant to the FDCPA.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

22. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone, often multiple calls per day even though Plaintiff repeatedly requested their calls to stop.

## COUNT II
## **DEFENDANT VIOLATED §§1692e, 1692e(5), and 1692e(10) OF THE FDCPA**

23. A debt collector violates § 1692e(5) by threatening to take action that cannot legally be taken or is not intended to be taken.

24. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt

25. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to

obtain information concerning a consumer.

26. Defendant violated §§1692e, 1692e(5) and 1692e(10) when it threatened to pursue legal action against Plaintiff if the alleged debts weren't paid.

## COUNT III
## **DEFENDANT VIOLATED § 1692g OF THE FDCPA**

27. A debt collector violates §1692g if within five days after initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Defendant violated § 1692g by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, SANDRA DEBALDO, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SANDRA DEBALDO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 7/22/2016

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT